Matter of Hedman Resources Ltd. v Occidental Chem. Corp.

2026 NY Slip Op 02751

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HEDMAN RESOURCES LIMITED, PLAINTIFF-APPELLANT,

v

OCCIDENTAL CHEMICAL CORPORATION, DEFENDANT-RESPONDENT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

210 CA 24-01675

Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

CLYDE & CO US LLP, NEW YORK CITY (PETER J. DINUNZIO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (JOSHUA GLASGOW OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Niagara County (Raymond W. Walter, J.), entered September 12, 2024. The order granted the motion of defendant to dismiss the complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking indemnification, contribution, and declaratory relief after it was found liable in an underlying action brought by a former employee of defendant's predecessor in interest. In appeal No. 1, Supreme Court granted defendant's motion to dismiss the complaint and, in appeal No. 2, the court denied plaintiff's motion seeking leave to reargue or renew with respect to the court's order dismissing the complaint.

With respect to appeal No. 1, plaintiff has abandoned the first and second causes of action, seeking indemnification, by not raising any contentions in its brief regarding them (see Claude Mayo Constr. Co., Inc. v Barclay Damon LLP, 239 AD3d 1430, 1430 [4th Dept 2025]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In addition, "there is no necessity for resorting to [a] declaratory judgment" in this action (James v Alderton Dock Yards, 256 NY 298, 305 [1931], rearg denied 256 NY 681 [1931]). The fourth, fifth, and sixth causes of action were therefore properly dismissed (see generally Applied Healthcare Research Mgt. v Ibrahim, 232 AD3d 1312, 1315 [4th Dept 2024]).

When considering a motion to dismiss the complaint pursuant to CPLR 3211, "the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994], citing CPLR 3026). The court must give "every possible favorable inference" to a plaintiff and accept the allegations contained in the complaint as true (id.). In evaluating whether a complaint should be dismissed pursuant to CPLR 3211 (a) (7) in a case where the court has considered evidentiary material in support of or in opposition to the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon, 84 NY2d at 88 [internal quotation marks omitted]). "[B]are legal conclusions and factual claims [that] are flatly contradicted by the evidence [proffered by the moving party] are not presumed to be true on a motion to dismiss for failure to state a cause of action" (Matter of Niagara County v Power Auth. of State of N.Y., 82 AD3d 1597, 1599 [4th Dept 2011], lv dismissed in part & denied in part 17 NY3d 838 [2011] [internal quotation marks omitted]; see also Naegele v Fox, 206 AD3d 1558, 1559 [4th Dept 2022]; see generally Rovello v Orofino [*2]Realty Co., 40 NY2d 633, 636 [1976]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).

The court properly dismissed the third cause of action, seeking contribution, pursuant to General Obligations Law § 15-108 (b). A "release given in good faith by the injured person to one tortfeasor . . . relieves [them] from liability to any other person for contribution" (id.). Here, the plaintiff in the underlying action gave a release to defendant, which relieved it from liability to plaintiff for contribution (see id.; see generally Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985]). We reject plaintiff's contention that General Obligations Law § 15-108 is inapplicable to the settlement between the plaintiff in the underlying action and defendant, the successor in interest to his former employer (see Trzaska v Cincinnati, Inc., 277 AD2d 1048, 1048-1049 [4th Dept 2000]).

We also reject plaintiff's contention that the settlement was not made in "good faith" (General Obligations Law § 15-108 [b]). "The 'good faith' requirement was imposed to assure that an injured party would not collusively release one wrongdoer for a small amount in return for a promise to co-operate improperly in an attempt to extract from the other wrongdoers more than their equitable share of the damages" (Matter of Torres v State of New York, 67 AD2d 814, 814 [4th Dept 1979]). Plaintiff's allegations in the complaint do not constitute bad faith (see Balkheimer v Spanton, 103 AD3d 603, 603 [2d Dept 2013]; see also Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 762-763 [2d Dept 2023]; Arbutina v Bahuleyan, 159 AD2d 973, 975 [4th Dept 1990]; SSDW Co. v Feldman-Misthopoulos Assoc., 151 AD2d 293, 296 [1st Dept 1989]).

With respect to appeal No. 2, no appeal lies from an order denying a motion seeking leave to reargue, and thus that part of plaintiff's appeal must be dismissed (see Matter of Rochester Genesee Regional Transp. Auth. v Stensrud, 162 AD3d 1495, 1495 [4th Dept 2018], lv dismissed 35 NY3d 950 [2020]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). The court properly denied that part of plaintiff's motion seeking leave to renew. "It is well settled that a motion for leave to renew must be 'based upon new facts not offered on the prior motion that would change the prior determination,' and 'shall contain reasonable justification for the failure to present such facts on the prior motion' " (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; see CPLR 2221 [e] [2], [3]; Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168, 1170 [4th Dept 2008], lv denied 11 NY3d 825 [2008]). The information submitted by plaintiff "would [not have] change[d] the prior determination" to dismiss the complaint (CPLR 2221 [e] [2]; see Croisdale v Weed, 139 AD3d 1363, 1365 [4th Dept 2016]; Fasolo v Scarafile, 120 AD3d 929, 931 [4th Dept 2014], lv denied in part & dismissed in part 24 NY3d 992 [2014]).

We have considered plaintiff's remaining contentions and conclude that they do not warrant modification or reversal of the orders in appeal Nos. 1 and 2.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court